UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CALVIN LEWIS

VERSUS                                          CIVIL ACTION

EAST BATON ROUGE PARISH PRISON                  NUMBER 07-54-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 24, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CALVIN LEWIS

VERSUS                                              CIVIL ACTION

EAST BATON ROUGE PARISH PRISON                      NUMBER 07-54-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at the East Baton Rouge Parish Prison, Scotlandville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the East Baton Rouge Parish Prison. Plaintiff alleged that he was subjected to unconstitutional conditions of confinement.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

Plaintiff alleged that a sewage pipe located in a bathroom

near the prison kitchen is broken and the kitchen is being contaminated by human waste.

First, the plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his constitutional rights.

Subsection (e) of 42 U.S.C. § 1997e provides the following:

> (e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged unconstitutional conditions.

Second, the plaintiff named the East Baton Rouge Parish Prison as a defendant.  Under Rule 17(b), Fed.R.Civ.P., the capacity to sue or be sued must be determined by the law of the state in which the district court is held.  Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party defendant.  It is also well settled under Louisiana law that a sheriff's department or office or a "parish prison" is not a separate legal entity capable of being sued.  *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).[1]

---

[1] *See*, e.g., *Kirk v. Cronvich*, 629 F.2d 404, 405 (5th Cir. 1980), *overruled on other grounds, Schiavone v. Fortune*, 477 U.S.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, January 24, 2007.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

21, 106 S.Ct. 2379 (1986).

[2] Subsection (g) of Section 1915 of Title 28 provides the following:
> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3